# Exhibit 1

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

# PENINSULA TOWNSHIP

13235 Center Road, Traverse City MI
49686 www.peninsulatownship.com

**Township Board Regular Meeting
August 12, 2025, 7:00 p.m.
Township Hall
Minutes**

1. **Call to Order by Sanders at 7:17 p.m.**
2. **Pledge**
3. **Roll Call – Present: Alexander, Chown, Clark, Milliken, Sanders, Sanger, Wunsch**
4. **Brief Citizen Comments (for agenda items only)**

**R.J. & Kris Prescott, 19015 Whispering Trail:** here to speak on behalf of Mission Acres, the Illini Cottagers Association, and property owners near Swaney and Old Mission roads. Submitting letters of support from more than 50 homeowners for the township's [proposed] Parking Ordinance No. 60. Believe the ordinance will help keep roads clear for emergency vehicles and road commission maintenance.

**Theresa Cherrier, 18926 Bay Street:** voices support for the township's parking ordinance but requests that it be expanded to include Bay Street. Explains that the street, which connects to the Haserot Beach parking lot, already absorbs significant overflow parking on busy days. Limiting parking on Swaney Road would likely increase that burden. Urges the board to amend the ordinance to address this concern.

**Patrick Heintz, 580 Hidden Valley Road:** a longtime township resident and retired attorney, is speaking on behalf of his neighbors and friends regarding the ongoing litigation. Drawing on 40 years of legal experience, he urges the board to step back and reconsider its litigation approach, advocating instead for open dialogue and neighborly communication. Invites board members and winery representatives to join residents informally at his beach, emphasizing the value of candid, common-sense conversations outside of formal settings. Calls for treating one another as neighbors rather than adversaries. Stresses that constructive discussion could lead to solutions that promote unity, friendship, and community well-being.

**Karina Brez-Emmer, 10054 Council Oak Drive:** supports reducing the speed limit on Center Road. Shares a recent personal experience of her daughter running toward the street, underscoring the danger posed by the current 55 mph limit through a residential area where families live, children play, cyclists ride, and seniors walk. Argues that lowering the limit to 45 mph would add only about 30 seconds to a trip but reduce stopping distance by 85 feet—the length of three school buses—which could save lives. Notes the lack of safe crossings for children, seniors, and people with disabilities and stresses that this is a matter of safety, not convenience. Joined by neighbors from the Council Oak neighborhood, she urges the board to support lowering the speed limit, adding crosswalks, and working with MDOT to implement these safety measures.

**James Younghusband, 8733 Center Road:** expresses concern about unsafe conditions for crossing Center Road, noting that while the posted speed limit is 55 mph, drivers frequently travel 65–70 mph, with some motorcycles exceeding 100 mph. Describes it as hazardous, particularly for children who cannot cross safely without parents present. Urges the board to establish a universal 45 mph speed limit on Center Road to improve safety.

**Chad Hartley, 1634 Moonrise Court:** a professional planner and former member of the township's master plan steering committee, voices support for his neighbors' concerns about Center Road safety. As a father of four, his

1

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

family has had close calls while crossing the road. Emphasizes the dangers created by traffic speed, road curves, and varying residential densities. While acknowledging that Center Road falls under MDOT's jurisdiction, he notes there is precedent for collaboration and encourages the township to work with MDOT to pursue needed safety improvements.

**Louis Santucci, 12602 Center Road:** raises concerns about potential conflicts of interest for board members, particularly Supervisor Sanders and Trustee Sanger, suggesting that their roles could present both actual and perceived conflicts, including financial ones. Urges both to refrain from voting on the ordinance. Questions aspects of the ordinance, recommending that the board delay a vote to further study issues he previously outlined in a *Gazette* article. Warns that the high level of fines proposed could create unsafe situations if board members personally issue tickets, suggesting that only the police should handle enforcement. Encourages the board to table the ordinance for further review.

**Susie Shipman, 14735 Shipman Road:** thanks Karina Brez and neighbors for raising concerns about road safety and informs attendees that the township's consultants are currently developing a non-motorized transportation plan. Notes that the safety issues discussed will be included in that planning process.

**Lois Byrne, 10639 Center Road:** supports lowering the speed limit and shares a personal account of a driver going well over the limit who destroyed multiple mailboxes near her home. Emphasizes that if anyone had been retrieving mail at the time, the outcome could have been fatal. Describing the excessive speeds on Center Road as "mind boggling," affirms that drivers routinely exceed posted limits by at least 10 mph. Urges the board to address the safety issue.

**Michael Mulcahy, 7202 Peninsula Drive:** comments on speeding concerns along Peninsula Drive, recalling that consultants previously advised the township that simply changing speed limit signs has little effect, particularly on younger drivers. Suggests the township consider creative deterrents such as paintball guns triggered by speeding vehicles—or, at minimum, posting signs warning of such measures—as a way to better control speeders, especially motorcycles.

**Dee Ann Sinclair, 10719 Center Road:** describes the daily danger of living at the end of a hill on a blind curve, noting that each time [she pulls out of the driveway], she fears it could be her last. Emphasizes how frightening and truly dangerous the situation is and suggests that even posting additional signs could help raise awareness, acknowledging that signs will not control everyone but may still improve safety.

**Kathleen Haueisen, 6332 Hawks View:** strongly opposes the memo by Supervisor Sanders and possibly supported by the board that would shut down township offices, halt planning and zoning, suspend permitting, abandon cemetery and park maintenance, and sell township properties. Calls the plan reckless, characterizing it as surrender rather than leadership, and argues it would deprive residents of essential services while permanently destroying community assets such as Mission Point Lighthouse and public parks. Stresses that insurance coverage questions remain unresolved and the appeal is still underway, making the proposal premature and fiscally unsound. Accuses the board of breaking campaign promises of fiscal responsibility, transparency, and protecting rural character, warning that dismantling services and selling land punishes rather than protects residents. Urges the township to begin mediation with the wineries immediately and resolve the lawsuit. Says she speaks not only for herself but for hundreds of homeowners who share her concerns.

**Phil Martin, 18979 Whispering Trail:** voices support for the proposed parking ordinance. States that enforcement concerns should not delay a vote, noting that aggressive behavior at the beach is already a significant problem. Thanks the board and expresses hope that the ordinance will be approved.

5. **Governmental Updates:**

**Dave Murphy 6963 East Shore Road (Parks Committee):** notes that three committee terms are ending this month. Torey Caviston, a newer member, has agreed to continue, while Pete Dahl and Mary Beth Milliken are stepping down after about six years of service. Thanks both for their many contributions: Pete for extensive trail maintenance, including tree removal across 650 acres of state parkland and work with the lighthouse, and Mary Beth for her involvement in projects such as upgrades at Archie Park and efforts to restore local history. Two

2

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

applicants, Erin Gartland and Liz Bruning, have applied for the open positions. After reviewing their applications and speaking with them, strongly recommends their approval. Thanks township leaders for recent discussions on parks finances and planning, highlighting the importance of maintaining a long-term vision despite current fiscal challenges.

**Christine Murphy, 12774 Peninsula Drive (Parks Committee):** provides an update on Old Mission State Park, emphasizing efforts to preserve its natural beauty. Thanks those who participated in the June 24 walk, which included representatives from the DNR, the Grand Traverse Regional Land Conservancy, and township officials, noting that work has begun on a management plan with DNR support. Among the recommendations is relocating and regularly closing the fire road gate at the back of the park while ensuring fire department access to help deter illegal fires and camping. Thanks volunteers for tree-clearing work, particularly Rich Hager, and announces plans to host a chainsaw safety training course this fall for interested volunteers.

6. **Approve Agenda**
**Motion to approve the agenda as amended (to amend Consent Agenda Item 8J and to move Correspondence Item O4 to Business Item 9J and Consent Agenda Item 8G to Business Item 9K) by Wunsch, seconded by Sanger (changes appear in red below)**
**Roll Call Vote:** Alexander: Aye, Chown: Aye, Clark: Aye, Milliken: Aye, Sanders: Aye, Sanger: Aye, Wunsch: Aye
<u>**Motion Passes Unanimously**</u>

7. **Conflict of Interest: none**
8. **Consent Agenda**
    a. **Invoices**
    b. **Reports**
        1. **Fire Department**
        2. **Treasurer's Office**
        3. **Grand Traverse Sheriff's Citation, Accident, and Arrest Statistics**
    c. **Excerpt from the Michigan Penal Code (MCL – Section 750.170) regarding Disturbance of Lawful Meetings**
    d. **Article titled "Michigan Has Never Had More Wineries. That's a Problem as Demand Shrinks"**
    e. **Minutes from the July 10, 2025 Township Board Special Meeting, July 14, 2025 Township Board Special Meeting, and July 22 Township Board Regular Meeting**
    f. **Request to hold OMPHS Organizational Meeting on the Grounds of the Hessler Log Cabin**
    g. **Permit Renewal Request for 2026 Bayshore Marathon – moved to business item 9K**
    h. **Knights of Columbus at St. Joseph Catholic Church Request**
    i. **Request to Hold Commercial Fireworks Display at Bonobo Winery to Benefit Blast Events, Traverse City Tourism, and the International Fireworks Championship – Denied**
    j. **Reappointment of Torey Caviston to the Parks Committee, Armen Shanafelt and Susie Shipman to the Planning Commission, John Dolton to the Zoning Board of Appeals, and to appoint Ashley Wahl as an alternate to the Zoning Board of Appeals**
    k. **Appointment of Scott Visger to Zoning Board of Appeals (Sanders)**
    l. **Update/correspondence from EGLE and USACE regarding Peninsula Township's Joint Permit Application to Construct a Motorized Single-Lane Boat Launch and Non-motorized Boat Launch at Kelley Park**
    m. **USACE After-the-Fact (ATF) Modification to the Hidden Ridge Dock Structure**
    n. **Opportunity to Join Revamped M-37 Pure Michigan Byway/Old Mission Scenic Heritage Route Committee**
    o. **Correspondence**

3

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

1) **Antony Wright**
2) **Scott Phillips**
3) **Dan Succarde**
4) **Karina Brez** – **moved to Business Item 9J**
5) **David Spinweber and Dave Sanger**

9. **Business:**
    A. Appointment of Candidates for Parks Committee Openings with Action Expected (Sanders)

**Motion to appoint Liz Bruning and Erin Gartland to the Peninsula Township Parks Committee made by Chown, seconded by Alexander.                                                                                              Motion Passes**

    B. Public Hearing on Proposed Ordinance #60, Parking Ordinance

**Sanger:** explains that proposed Ordinance #60 stems from safety concerns identified several years ago with a business on Seven Hills Road, where roadside parking and pedestrian crossings create dangerous conditions, particularly at night. Notes that the ordinance, modeled after those used in other Michigan communities and reviewed by legal counsel, would classify violations as civil infractions. Enforcement would fall primarily to law enforcement—Grand Traverse County Sheriff's deputies, Michigan State Police, and Michigan DNR officers—but would also include the township's ordinance enforcement officer and another designated employee. Emphasizes that citations can be issued after the fact, making administrative enforcement a necessary complement to police involvement. Notes that the ordinance has been properly published for a public hearing.

**Sanders opens the public hearing portion of Business Item 9B.**

**Louis Santucci, 12602 Center Road:** is shocked that Sanger would present the parking ordinance, noting that he failed to mention that it explicitly names the supervisor as someone authorized to issue tickets. Argues that singling out Seven Hills as a parking enforcement area could raise constitutional concerns by targeting one commercial operation. Reiterates concerns about conflicts of interest, stressing that even if Sanger does not believe a conflict exists, the appearance of one is enough to undermine public trust, since he would both vote on and potentially enforce the ordinance. Criticizes the board for voting "in lockstep" and warns that tickets issued under such circumstances could be dismissed in court. States that the process does not make sense and leaves residents feeling unheard.

**Michael Mulcahy, 7202 Peninsula Drive:** criticizes the proposed parking ordinance. Agrees with the prior speaker's concerns, particularly about the $500 fine for a second offense, which he describes as excessive and unfair. Argues that such a penalty is negligible for wealthy individuals but a crushing burden for those with fewer resources. Suggests assessing a penalty would impact everyone equally.

**Herbert Clewis, 6217 Red Fox Run:** questions the fines proposed in the parking ordinance, asking how the amounts of $150 for a first offense and $500 for a second offense were determined. Argues the figures are arbitrary and not in line with standards elsewhere in the state. Raises concerns about visitors, including tourists and family members, who might unknowingly violate the ordinance if signs are obscured or unclear, resulting in steep fines. Suggests the amounts are excessive and could discourage people from coming to the peninsula.

**Hearing no more public comment, Sanders closes the public hearing portion of Business Item 9B.**

**Board discussion:** trustees discuss the origins of the ordinance, noting it was driven primarily by safety issues on Seven Hills Road, where roadside parking creates hazards for both pedestrians and drivers. There is agreement that enforcement authority needs to rest with the township, since businesses lack jurisdiction. Board members question the inclusion of Devil's Dive Road in the draft and express interest in limiting restrictions on Seven Hills to only the most hazardous side of the road. Some also propose adding Bay Street due to ongoing parking problems near Haserot Beach. Members emphasize that the ordinance should remain flexible, allowing additional roads to be added in the future if needed, and discuss the fine structure—$150 for a first offense and $500 for repeat violations—and debate whether those amounts are appropriate, with suggestions to benchmark penalties against other Michigan communities and consider alternatives such as towing. Some members note

4

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

that the higher fines reflect the seriousness of safety risks and defend them as a deterrent. Discussion also covers road-end parking, particularly on Old Mission and Swaney Roads. Trustees stress the importance of balancing shoreline access with protecting nearby residents and ensuring safe conditions. Members agree more site visits, measurements, and neighbor input are needed before finalizing restrictions at those locations with Chown noting that the road ends discussion will not come back before the board until the October meeting.

  C. Introduction of Noise Ordinance #61

**Sanger:** introduces a draft update to the township's outdated and largely unenforceable noise ordinance, explaining that the current version relies on subjective judgment and lacks measurable standards. The proposed ordinance incorporates both subjective criteria and objective decibel limits, modeled after Traverse City's ordinance and others across Michigan, to provide law enforcement with clearer tools for enforcement. Board members discuss several aspects of the draft. They raise concerns about the proposed decibel levels possibly being set too low, especially for commercial areas, and about the time restrictions conflicting with businesses permitted to operate outdoors until 11:00 p.m. Members request clearer language in sections addressing amplified sound and enforcement, along with more detail on how violations would be measured and processed. Some provisions are flagged as ambiguous and in need of revision for clarity. The board agrees that the ordinance requires refinement and tables the draft to the September 9 meeting, with requested changes and clarifications to be incorporated before further consideration.

**Motion to table further discussion to the next regular meeting of the township board on September 9, 2025, made by Wunsch and seconded by Alexander.**                **Motion Passes**

  D. Seven Hills SUP

**Loud:** reports back on the board's June 9 directive to review the Seven Hills special use permit for potential violations. Two commissioners met with Loud and the Seven Hills ownership team to evaluate compliance and develop recommendations. These proposed amendments were also reviewed with designated township board members before being summarized in the packet. The planning commission recommends amending the permit as the best path toward full and lasting compliance. While no formal action has yet been taken, the applicant intends to apply for a permit amendment that would require public hearings before both the planning commission and township board. The update is provided now so that board members can offer feedback before the process formally begins.

**Discussion:** board members express concern that proposed changes to the Seven Hills special use permit, if approved, could worsen existing problems unless paired with a stronger noise ordinance. Several trustees stress that the township lacks staff capacity to enforce late-night outdoor activity and suggest requiring events to move indoors after a set hour, similar to conditions at other venues. While the updated noise ordinance would provide clearer standards, members note that sound enforcement remains challenging due to topography and limited resources. Trustees emphasize the need for clear limits on hours and use to balance flexibility for businesses with protections for neighbors. Staff confirm that five official complaints have been recorded since 2022, though other recurring complaints may not have been formally filed.

  E. Shoreline Committee Recommendations from the Peninsula Township Planning Commission

**Loud:** provides an update on draft shoreline ordinance revisions, focusing on docks, hoists, and shared waterfront uses.

**Discussion:** board members discuss whether shared waterfront associations should be required to obtain U.S. Army Corps of Engineers permits before applying for township land use permits. Some trustees favor adding that requirement for safety and consistency, while others caution it would place too great a burden on township staff and suggest pressing state and federal agencies to enforce existing rules instead. The board also discusses concerns about dock lighting, noting conflicts between night sky regulations and the visibility needs of boaters. Members suggest limiting excessive dock lighting and request that the planning commission refine recommendations further.

  F. Update on PDR Violations

5

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

**Shipman:** updates the board on deed compliance issues related to conservation easements, noting that some property transfer deeds fail to list easements as required. As of August 6, after preparing corrective affidavits for affected landowners, three of nine have been filed, with additional progress following her outreach. She will continue to follow up during fall monitoring and suggests reaching out to title companies to improve awareness.
**Discussion:** the board thanks Susie for her persistence, agrees on the importance of continued outreach, and directs her to proceed with landowner follow up, to work with staff to contact title companies and the board of realtors, to provide another compliance update after fall monitoring, and to ensure reminders are included in township newsletters. Also suggest considering a contract adjustment if she continues this additional responsibility.

- G. Proposed Violations Bureau Schedule of Fees with Action Possible
- H. Quarterly Budget Update

**Milliken:** reports briefly on first-quarter financials, noting that only three months of data are available and most township revenues come in later in the year, making early figures less meaningful. Outlines four broad areas for upcoming expenses: lighthouse repairs (roof, floors, parking), potential expansion at Pelizzari [Natural Area] and state parklands, township facility needs such as storage and space, and the fire station project (currently on hold). Anticipates providing a fuller financial picture in late fall, once six months of data are available. Acknowledges the work of the finance ad hoc committee, with particular appreciation expressed for members Tom Barnhart and Fred Swaffer, whose expertise has been valuable in financial planning discussions.

- I. FY 2025/2026 Budget and Spending, Supervisor's July 30 Memo, and Continued Discussion on Potentially Selling Township Assets to Pay Winery Lawsuit Judgment

**Sanders:** reviewed fiscal year 2025–'26 budget concerns, stressing that while the township must continue core duties (assessing property, collecting taxes, running elections), a looming $50 million winery lawsuit judgment threatens financial stability. By law, any judgment would be placed on the tax roll as a special assessment—either as a lump sum or potentially bonded over 15 years—placing heavy burdens on residents and limiting funds for services such as sheriff coverage, parks, cemeteries, and fire stations. Said the board is exploring options to offset costs, including property appraisals (for insurance accuracy and potential mortgage leverage), reviewing discretionary spending, and considering difficult measures like office closure to save overhead. Emphasized the goal of protecting residents from being forced to sell their homes while acknowledging that conversations with wineries have stalled on legal advice from their counsel. Even a reduced judgment would still impose major tax burdens, making fiscal responsibility and contingency planning urgent.
**Chown:** strongly opposes the supervisor's budget memo suggestions, calling them premature and harmful. Argues that austerity measures—such as reducing the number of parks, neglecting cemeteries, or selling preserved land—would worsen quality of life and betray community commitments. Stresses confidence in the township's legal defense and insurance-backed appeal and urges patience, maintaining services, and preserving township values rather than rushing into cuts. If austerity is required, suggests it should begin with less essential items (e.g., eliminating the township newsletter). For now, argues that the focus should remain on defending the appeal and continuing normal operations.
**Other Discussion:** members acknowledge the importance of planning for worst-case financial outcomes but emphasize that the township has a balanced budget in place for the current fiscal year. Hiring for a planned staff position is on hold until the lawsuit picture is clearer, with the supervisor covering duties in the meantime. Several trustees express confidence in the township's legal counsel and the appeal. They urge patience rather than drastic cuts such as office closures or service reductions, stress that the community should not blame the current board for the lawsuit, which predates their service, and note that both sides must compromise. Board members highlight the need to continue critical functions like planning, zoning, and assessing while also celebrating ongoing positive projects such as park improvements, trail development, shoreline work, agricultural support, the work of the non-motorized committee, and the upcoming community survey as reminders that the township remains active and resilient despite the lawsuit that overshadows other progress.

6

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

    J.    Correspondence

**Karina Brez-Emmer, Council Oak Drive:** again describes safety concerns on Center Road near Council Oak Drive, where limited visibility, high speeds, and a lack of crosswalks create dangerous conditions for residents. Recaps a personal experience where she narrowly prevented her daughter from running into traffic, highlighting the urgency of the issue. Notes that an MDOT speed study in 2022 showed an average of 56 mph, which is too fast for a now residential stretch of road. Urges the township to formally request a new MDOT speed study—something residents alone cannot do—and recommends aiming for a 45 mph limit. Advocates for installing a crosswalk, explaining that MDOT would allow it if ADA-compliant sidewalk ramps were added, which she researched locally. Emphasizing support from her neighbors, stresses that safer crossings and slower speeds could prevent accidents and save lives.

**Discussion:** board members confirm the neighborhood's location and note that speeding issues extend to multiple areas of the peninsula. Discuss whether speed studies are most effective during peak summer months and clarify that MDOT and the state police, in coordination with the road commission, determine speed limits based on study data. Suggest additional traffic-calming measures, such as narrowing lane striping to naturally reduce driver speeds. Agree that a community input session with MDOT, state police, the road commission, and the sheriff's office would be valuable to address broader safety concerns township wide. Conclude that the township should both request a formal MDOT speed study and simultaneously arrange a public meeting, with a letter to be drafted covering both actions.

    K.    Permit Renewal Request for 2026 Bayshore Marathon

**Discussion:** board members debate whether the Bayshore Marathon's permit renewal, included on the consent calendar, is appropriate under Section 211 of the large events ordinance. While the ordinance allows applicants to request renewals for up to two years without a new hearing, trustees raise concerns about bypassing public input, staff review, and the $1,000 permit process that covers significant administrative work. The importance of annual hearings to address changing conditions (e.g., road construction, event impacts) and ensure community feedback are noted. Concern is raised about approving events years in advance while the township maintains a cap of three large events per year. Consensus emerges that the issue should be directed to the ordinance rewrite group to clarify or amend Section 211 and to require future renewals to go through the full application and public review process.

**Wunsch moves to return to Business Item 9B to correct a procedural error with a second by Sanders.**
                                                                                                   **Motion Passes**
**Motion to table Ordinance No. 60 to the September 9 meeting, with revisions to remove Devil's Dive and road-end items, add Bay Street, and review fine levels with discussion of Old Mission and Swaney Road parking postponed to the first October meeting for more detailed consideration made by Wunsch, seconded by Sanders.**                         **Motion Passes**

 **10.** **Citizen Comments**

**Michael Mulcahy, 7202 Peninsula Drive:** urges the board to take a more strategic and urgent approach to resolving the winery lawsuit. Stresses the need to ensure the township has strong legal counsel "with teeth," to clearly understand the wineries' negotiating position, and to adopt an apologetic, problem-solving frame of mind rather than a combative one. Recommends working with community members like Pat Heintz, making a settlement offer proactively (suggesting four to five million as a realistic starting point), and moving quickly before wineries attempt to collect the $50 million judgment. Emphasizes that while the board did not cause the problem, it must act urgently and pragmatically to solve it.

**Lindsay McLaughlin, Traverse City Track Club:** explains that the request for a 2026 Bayshore Marathon renewal was made in good faith under the ordinance provisions. Notes the earlier-than-usual timing is necessary because registration for such a large race opens in December, and uncertainty about the permit status complicates planning for the nonprofit and partner organizations. Emphasizes that the club has followed all usual safety and

7

Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

debrief protocols, had a smooth 2025 race, and is not seeking to avoid fees or bypass procedures, only to align timelines for effective planning.
**Kathleen Haueisen, 6332 Hawks View:** reiterates her strong opposition to Supervisor Sanders' proposal to shut down township offices and reduce services, calling it drastic, reckless, and harmful to residents. Criticizes board members for failing to uphold past campaign promises related to the winery lawsuit, pointing to broken commitments and hypocrisy. Raises concerns about a conflict of interest involving County Commissioner T.J. Andrews' dual role with Protect the Peninsula. Urges the board to pursue professional mediation immediately to resolve the lawsuit and protect residents from financial harm.
**Mary Croft, 10925 Peninsula Drive:** expresses support for the township continuing to fight the winery lawsuit in court, stressing that pursuing appeals is the right course of action. Endorses the idea of obtaining appraisals for township assets, such as the firehouse, as prudent due diligence in case funds are needed to offset potential judgments. Criticizes the wineries for seeking zoning changes after purchasing property and states that she personally boycotts them in protest. While acknowledging that a special assessment could be costly for residents, she argues it would be worth it to prevent the wineries from prevailing.
**Tom Barnhart, 10895 Peninsula Drive:** raises strong concern about proposed shoreline ordinance changes, particularly expanding from one to three hoists per 50 feet of frontage. Argues there is no factual basis or environmental justification for such a change, noting that prior surveys showed most residents support keeping the one-hoist rule. Criticizes the planning commission for focusing on the narrow interests of a few HOAs while ignoring broader environmental, scenic, and community impacts. Urges the commission and board to provide clear factual support before making any changes that contradict expressed public preference.
**Brad Niergarth, 8718 Peninsula Drive:** warns that the ongoing winery lawsuit judgment could trigger state intervention and possibly an appointed financial manager, similar to Detroit's bankruptcy. Cautions that legal fees and interest are mounting daily and urges the township to pursue mediation rather than relying on appeals, noting prior settlement opportunities may have been missed. Contests the board's financial framing, asserting that the township's revenues are closer to $1.8 million (including state revenue sharing and fees) rather than just $600,000 in property taxes. Calls for humility, transparency, and a collaborative effort to reach a resolution with the wineries.
**Fred Swaffer, 1045 Gray Road:** urges the board not to include elected officials in parking ordinance enforcement, arguing they lack police training, badges, and clear insurance coverage and that enforcement should be left to professional law enforcement while the board focuses on governance. Criticizes the supervisor's recent memo as a premature "fear grenade" that heightens anxiety without firm information on insurance or settlement options. Advocates for mediation, noting the wineries currently "hold the cards" with a $50 million judgment; believes insurers will likely fund and demand mediation and warns that rejecting a reasonable deal could lead to harsher outcomes and community backlash.

11. **Board Comments:**
**Sanger:** emphasizes that while residents continue urging mediation in the winery lawsuit, the board is legally constrained. Multiple mediation sessions have already taken place in federal court, and a gag order prevents disclosure of what was discussed. Warns that board members could face personal legal jeopardy if they attempt to initiate mediation outside official channels. Urges residents to understand the predicament, consider engaging directly with neighbors and wineries themselves, and support the board rather than criticize it, stressing that board members' hands are tied under current court orders.
**Chown:** clarifies that the township's insurance carrier—not the board—controls whether and when a settlement offer can be made in the winery lawsuit. The carrier has required the township to appeal, believing the judge's 75-page opinion is flawed, and is unlikely to approve any payout until the appeals process concludes. The board does not have millions in funds to offer independently. Stresses that the case was effectively lost when the township was sanctioned in 2021, creating prejudice in federal court, but emphasizes that strong legal

8


Peninsula Township
Township Board Regular Meeting
Shaina LaFond, Recording Secretary

arguments remain for appeal. Acknowledges residents' frustration and desire for mediation, but explains that the board's hands are tied. While recognizing past mistakes that led to the current situation, reaffirms hope in preserving agriculture, open space, and protection from commercial development, noting that true resolution requires both parties' willingness to compromise.

**Wunsch:** acknowledges public calls for mediation and settlement but reiterates that board members are legally prohibited from disclosing details of past or current negotiations. Urges residents to go beyond general appeals to "settle" or "fight" and instead share specific acceptable outcomes or positions. This input could help guide the board's thinking during negotiations, even if they cannot reveal what has already been discussed at the table. Asserts that all resident perspectives—whether for compromise or continued litigation—will be taken into account as the township works toward resolution.

**Clark:** raises a procedural concern that, currently, citizen comment on agenda items occurs *before* the board officially approves the agenda. This creates a situation where residents cannot comment on items added later by trustees before approval. Suggests reversing the order so the agenda is approved *first*, ensuring the public has the chance to comment on all items. Board acknowledges the issue, noting it has "always been done" the current way and that the suggestion is worth reviewing. Sanders will consult MTA (Michigan Townships Association) for guidance before making changes.

## 12. Adjournment
**Motion by Clark to adjourn this special meeting of the township board, seconded by Alexander.**

**Motion Passes**

**Meeting adjourned at 10:32 p.m.**

9

August 12th, 2025

Rebecca Chown
Peninsula Township Clerk
13235 Peninsula Road
Traverse City, MI 49686

Dear Peninsula Township Board,

We are writing with unanimous neighborhood support of the Township's Parking Ordinance #60.

Our neighborhood, Mission Acres, consists of 23 homes and is located on Whispering Trail north of Swaney.  An enforceable parking ordinance with signage will alleviate parked cars blocking the fire department and road commission trucks access to maneuver their trucks. We also hope the ordinance and signage will discourage people from driving down to the water and along the beach or getting stuck, of which both are eroding the road end and damaging the beach habitat.

Thank you,

[signature]

Mike Straub
President, Mission Acres Association

August 12'\ 2025


Rebecca Chown
Peninsula Township Clerk
13235 Peninsula Road
Traverse City, MI 49686


Dear Peninsula Township Board,

We are writing in support of the Township's Parking Ordinance #60. In particular, the section that would prohibit parking on both sides of Old Mission Road from the OHW elevation of Lake Michigan extending 900 feet to the east.

We are the owners of the property located on Whispering Trail just north of Old Mission Road.  An enforceable parking ordinance with posted signage would alleviate Old Mission Road being blocked by parked cars and preventing fire department access.  It will also discourage people from driving down to the water's edge and parking.


Thank you,

*Robert and Penelope Rosi*

Robert and Penelope Rosi



**ILLINI COTTAGERS' ASSOCIATION**

44° 67'N, 86° 3I'W

August 12, 2025

Rebecca Chown
Peninsula Township Clerk
13235 Peninsula Road
Traverse City, MI 49686

Dear Peninsula Township Board,

On behalf of the Illini Cottagers Association, I write in support of the Township's Parking Ordinance #60.

Our association, which comprises approximately 30 cottages and year-round residences, is located on Whispering Trail between Swaney Road to the north and Old Mission Road to the south. An enforceable parking ordinance with posted signage will alleviate parked cars blocking the fire department and provide road commission trucks access to maneuver their trucks. We also hope the ordinance and signage will discourage people from driving down to the water and along the beach or getting stuck, both of which are eroding the road end and destroying beach habitat.

Respectfully,



Andrew Buelow
Chairperson, Illini Cottagers Association

August 12th, 2025

Rebecca Chown
Peninsula Township Clerk
13235 Peninsula Road
Traverse City, MI 49686

Dear Peninsula Township Board,

On behalf of the property owners at 17943 Whispering Trail, we are writing in support of the Township's Parking Ordinance being discussep on Tuesday the 12th of August.

Our property is located on the south side of the path at the terminus of Old Mission Road that is currently used by the public to access the beach and lake.

An enforceable parking ordinance with posted signage would alleviate Old Mission Road and our property from being blocked by parked cars and preventing fire department and road maintenance access.  It will also discourage people from using the beach to sit for hours, leave trash, and light bonfires which is both a violation of our property and the law, and a hazard for all the adjacent properties.

Thank you,

Pine Warbler LLC